# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 59387-4-II |
| Respondent, | |
| v. | |
| CLEVE ALLEN GOHEEN RENGO, | UNPUBLISHED OPINION |
| Appellant. | |

VELJACIC, A.C.J — Cleve A. Goheen Rengo appeals the trial court's imposition of a crime victim penalty assessment (CVPA) as well as accompanying sentencing conditions regarding payments. Rengo argues the trial court erred in imposing the CVPA because he was indigent. The State concedes that Rengo was indigent and that the CVPA should be stricken. We accept the State's concession. We reverse and remand with instructions to strike the CVPA and the accompanying sentencing conditions.[1]

## FACTS

In February 2024, a jury found Rengo guilty of theft in the third degree. At sentencing, the trial court imposed a CVPA in the judgment and sentence. The court did not inquire whether Rengo was indigent. The court later ordered that Rengo was indigent for purposes of this appeal.

Rengo appeals the imposition of the CVPA.

---

[1] Rengo also requested this court to strike the trial court's finding of his ability to pay. Based on our resolution of the case, we need not address his request.

ANALYSIS

Rengo argues that the $500 CVPA and all accompanying conditions regarding payments must be stricken because he was indigent. The State concedes that Rengo was indigent at the time of sentencing and that the CVPA should be stricken. We accept the State's concession.

A trial court's decision of whether to impose legal obligation fee is reviewed for abuse of discretion. *State v. Ramirez*, 191 Wn.2d 732, 741, 426 P.3d 714 (2018). A "court abuses its discretion when its decision is 'manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons.'" *State v. Thurlby*, 184 Wn.2d 618, 624, 359 P.3d 793 (2015) (internal quotation marks omitted) (quoting *State v. Woods*, 143 Wn.2d 561, 579, 23 P.3d 1046 (2001)).

On July 1, 2023, an amendment to RCW 7.68.035 took effect, providing that a trial court "shall not impose the [CVPA] under this section if the court finds that the defendant, at the time of sentencing, is indigent as defined in RCW 10.01.160(3)." LAWS OF 2023, ch. 449, § 1; RCW 7.68.035(4). Before imposing a discretionary cost, a court has an obligation to conduct an individualized inquiry into a defendant's current and future ability to pay. *See* RCW 10.01.160(3); *see also Ramirez*, 191 Wn.2d at 738-39 (holding that if the trial court fails to conduct an individualized inquiry and nonetheless imposes discretionary LFOs on the defendant, the trial court has per se abused its discretion).

While the sentencing court did not make any express findings of indigency and the record does not reflect that it conducted an individualized inquiry, the State concedes that Rengo was indigent at the time of sentencing and that the CVPA should be stricken. Therefore, we conclude that the CVPA should be stricken.

## CONCLUSION

We remand for the trial court to strike the CVPA and its accompanying sentencing conditions regarding the CVPA payments.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Veljacic, A.C.J.

We concur:

_____
Maxa, J.

_____
Price, J.

3